CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 7, 2013

LETTER TO COUNSEL:

       RE:    *Tammy Lynn Perdue v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-3408

Dear Counsel:

On November 28, 2011, the Plaintiff, Tammy Lynn Perdue, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 20, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Perdue filed her claim for benefits on December 12, 2007, claiming disability beginning on November 1, 2005. (Tr. 200-03). Her claim was denied initially on May 1, 2008, and on reconsideration on September 9, 2008. (Tr. 105-07, 113-14). Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied benefits. (Tr. 58-83, 86-98). On May 26, 2010, the Appeals Council remanded the case to the ALJ for further proceedings. (Tr. 99-102). The ALJ held a second hearing on March 1, 2011. (Tr. 31-57). Following the hearing, on March 10, 2011, the ALJ again determined that Ms. Perdue was not disabled during the relevant time frame. (Tr. 7-30). The Appeals Council denied Ms. Perdue's request for review (Tr. 1-6), so the ALJ's 2011 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Perdue suffered from the severe impairments of degenerative disc disease, fibromyalgia, anxiety, depression, personality disorder, chronic obstructive pulmonary disease, and obesity. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Perdue retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except the claimant can lift 10 pounds occasionally and lesser amounts frequently. The claimant can sit for 45 minutes, and stand for 5 minutes, consistently on an alternate basis, for 8 hours a day, 5 days a week. The claimant should avoid heights, hazardous machinery, stairs, climbing of ladders and ropes. The claimant should avoid exposure to odors, gasses, fumes, dusts and like substances. The claimant is

>mildly limited in push/pull in the left lower extremity. The claimant could perform simple, routine, unskilled work, svp 2 in nature, low concentration, low memory, and low stress jobs, meaning jobs that have only occasional changes in the workplace, no decision making, no production rate work or judgment to speak of, that provides simple one and two step tasks.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Perdue could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 23-24).

Ms. Perdue presents two arguments on appeal: (1) that the ALJ erroneously evaluated the opinion of her treating physician, Dr. Whittaker; and (2) that the ALJ erroneously considered the testimony of the VE. Each argument lacks merit.

First, Ms. Perdue submits that the ALJ failed to consider adequately the opinion of her treating physician, Dr. Whittaker. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). In this case, the ALJ gave some weight to Dr. Whittaker's findings. In fact, the ALJ's physical RFC is generally more restrictive than the limitations recommended by Dr. Whittaker. *Compare* Tr. 15 (RFC of lifting up to ten pounds and sitting for only 45 minutes followed by five minute standing breaks) *with* Tr. 502 (Dr. Whittaker's form suggesting capacity to lift up to 25 pounds, sit for four hours, and stand/walk up to two hours). The ALJ assigned little weight, however, to Dr. Whittaker's conclusions about Ms. Perdue's mental capacity, noting that he is a family practitioner with no specialization in mental health fields. (Tr. 22). Dr. Whittaker in fact noted on his evaluation that he could not fully complete the mental health portion of the evaluation, which should be filled in by a psychiatrist. (Tr. 503). Despite his admitted lack of expertise in the field, Dr. Whittaker's ultimate conclusion that Ms. Perdue was unable to work was premised on her emotional instability. (Tr. 504). In light of Dr. Whittaker's lack of expertise in psychiatry or psychology, the consultative examination by Dr. Reeves (Tr. 377-80), and the reviews of the mental health records by state agency physicians Dr. Wessel and Dr. Suansilppongse (Tr. 381-94, 431), I find the ALJ's conclusion to be supported by substantial evidence.

Ms. Perdue's other argument is that the ALJ erred in failing to include Dr. Gibbs's opinion that Ms. Perdue "has difficulty sitting or standing with the aid of her crutch for more than five minutes" in the hypothetical to the VE. Pl. Mot. 7-8. The ALJ provided a detailed summary of Dr. Gibbs's examination, noting her difficulties with ambulation and her left leg weakness. (Tr. 17-18). In addition, the ALJ provided a full summary of Dr. Gibbs's opinion, including the portion cited by Ms. Perdue. (Tr. 21). Although the ALJ again used somewhat circular reasoning in assigning weight to Dr. Gibbs's opinion "consistent with" the RFC, the ALJ cited to other substantial evidence supporting his rejection of Dr. Gibbs's opinion, including the

assessments from Drs. Hakkarinen and Brahim, and the physical assessment from Ms. Perdue's treating physician, Dr. Whittaker. (Tr. 21, 22). With respect to the hypothetical, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ's hypothetical to the VE adequately framed the issues in accordance with his RFC determination, which was supported by substantial evidence. Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 20) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 22) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge